# Klingensmith *against* Bean.

A sale of real estate by an administrator, by authority of an order of the orphan's court, made after the term to which the order was returnable, and confirmed by the court at a subsequent term, is not void: the confirmation having been tantamount to a continuance of the order. And the validity of such a decree by the orphan's court cannot be inquired into collaterally.

ERROR to the common pleas of *Mercer* county.

This was an action of ejectment, brought by the defendants in error as the heirs of Robert Bean deceased, to recover a tract of four hundred acres of land. The defendant admitted that Robert Bean died seised, but claimed title to the land by virtue of a deed from Joseph Keck, acting administrator of the intestate, to William Scott, executed in pursuance of an order of the orphan's court. At an adjourned session of the orphan's court of Mercer county, held the 20th of January 1818, on the petition of the administrator, the court granted an order to sell the property on the Monday of the next

May court.   There was no sale on the day appointed, nor continuance, nor renewal of the order of sale.   And on the 24th of November 1818 the administrator returned that he exposed the land to sale on the Monday of the May court, in pursuance of the order, and there being no bidders, he adjourned the sale to the 18th day of August 1818, being the Tuesday of the August court, when the land was sold to William Scott for 196 dollars, he being the highest and best bidder, &c.; and praying the court for a confirmation of the sale, and for leave to make a deed.   On the 16th of February 1819 the court, on motion, affirmed the sale, and granted leave to the purchaser on the usual terms.   Scott conveyed to Klingensmith.

The following errors were assigned :

1. The court erred in charging the jury that the sale made in August, on the order of the orphan's court, was void.

2. In charging the jury that the confirmation of sale by the orphan's court vested no title in the purchaser.

*Holstein,* for plaintiff in error.

The provision of the act of assembly, requiring the administrator to bring his proceedings before the next court after sale, is merely directory.   Rahm *v.* North, 2 *Yeates* 118; Snyder's Lessee *v.* Snyder, 6 *Binn.* 498.   Where there are objections to the sale they should be made when the administrator returns his proceedings.   Here there were no bidders for the land on the day appointed by the order of the court.   The estate was benefited by the adjournment and subsequent sale.   The money was paid by an innocent purchaser, and was appropriated to the payment of the intestate's debts.   The sale was fair and open, and no one was injured.   Orphan's court sales are never characterized by the utmost regularity ; and for a slight and immaterial defect in the proceedings of an administrator an innocent purchaser should not be made to suffer.   M'Pherson *v.* Cunliff, 1 *Serg. & Rawle* 429 ; Guier *v.* Kelly, 2 *Binn.* 299.

*Banks* and *Pearson,* for defendants in error.

Although presumptions, in support of the regularity of the proceedings, may be made in favour of what does not appear, Massinger *v.* Kintner, 4 *Binn.* 103, no such presumptions can be made *against* what does appear.   It was necessary that the parties should be regularly in court before the decree was made ; otherwise they would not be bound by it.   The administrators are required to return their proceedings to the next term of the court.   The law directs notice to be given.   This direction was not complied with.   If there was a want of bidders, the fact should have been returned to the court, and a new order of sale obtained.   The order which they had, specified the time and place of sale.   The administrator has no authority beyond the order.   He may adjourn the sale from day to day, but cannot go beyond the next court.   He should be held to a strict observance of the law.   If he has failed to make sale on the day

specified in the order, it is dead. If he can pass over one court, where will he stop? The decree of the orphan's court could not give validity to a sale which was, in fact, made without an order, and contrary to law. Huckle and wife *v.* Phillips, 2 *Serg. & Rawle* 7; Rohr et ux. *v.* Eisenhauer's Executor, 4 *Serg. & Rawle.* 248; M'Pherson *v.* Cunliff, 11 *Serg. & Rawle* 431—436; *Purd. Dig.* 406.

*Purviance,* in reply, was stopped by the court.

The opinion of the Court was delivered by

ROGERS, J.—It is the usual practice of the orphan's court to appoint the day of sale, and to make the proceedings of the administrator returnable to the next orphan's court. In such cases the administrator begins the sale on the day appointed, and in his discretion adjourns the sale to a day certain. If a term intervenes, it is the practice to apply to the court for a continuance of the order. But although this is the usual practice, it is not universal. There is nothing in the act of 1794 which directs this mode, nor is there any thing which prevents the court, for reasons of which they are the competent judges, to adopt a different course. The order is not a returnable writ, and, in Rham *v.* North, 2 *Yeates* 118, the court say that the words of the law appear to be directory only, and they can see no good reason why a regular fair sale may not be returned at another court. The court not only have the power, but justice to the creditors and heirs sometimes requires this course to be pursued, as in the present instance, where the petition was presented in January, and where it was plainly the interest of all parties that the sale should be deferred until the ensuing spring, when purchasers would be able to view the premises and judge of the quality of the soil. In Rham *v.* North it is said, that under an order of the orphans court empowering an administrator to sell lands, he should begin the sale on the day affixed by the court, and may afterwards adjourn it, but not beyond the day of the succeeding court. I do not see any good reason for the restriction, and I am inclined to believe that the practice has been otherwise, although it has been usual to sanction the proceedings of the administrator by an application to the court, in which the facts are stated for a continuance of the order. The orphan's court have always exercised a superintending power over such proceedings, and as long as this is faithfully done, I cannot see the danger of abuse by a liberal extension of time to the administrator to effect a sale. Although here the order was not continued, yet the facts were truly represented by the administrator to the court in the return, and have been sanctioned by them. A subsequent recognition of the act of the administrator is tantamount to a continuance of the order, and equally available to protect the interest of parties. There was no surprise, no misrepresentation, no fraud. All that the act of 1794 requires is, that the administrator who makes the sale shall bring his proceedings to the next orphan's

[Klingensmith v. Bean.]

court after the sale is made, and in this respect the directions of the act were literally pursued. If, then, this case were before us on an appeal, it might be questionable whether it would not be our duty to affirm the sale, as it appears to have been a fair regular sale for full value. But however this might be, yet it is plain that the proceedings were but irregular and not void, and this brings me to the second question.

The cases of Massinger *v.* Kintner, 4 *Binn.* 97; and the Lessee of Snyder *v.* Snyder, 6 *Binn.* 498, have given rise to an opinion that the decree of the orphan's court may be examined collaterally in an action of ejectment. But although these cases, if attentively examined, do not establish the doctrine, yet this point is put beyond all doubt by subsequent decisions. A decree of an orphan's court is placed on the same footing as a judgment of a court of common law: for this principle I refer generally to M'Pherson *v.* Cunliff, 11 *Serg. & Rawle* 433; The Orphan's Court *v.* Graff, 14 *Serg. & Rawle* 182; Blunt *v.* Darrach, decided by Judge Washington, and reported in 4 *Wash. C. C. Rep.* 657; and App's Executors *v.* Dreisbach, 2 *Rawle* 287. A judgment of a court of competent jurisdiction directly upon the point, is conclusive between the same parties or their privies, upon the same matter coming directly in question in another court of concurrent jurisdiction; and this rule is founded upon considerations as well of abstract justice as of public policy. The court of common pleas assimilate this to the case of a sale of a sheriff without a *venditioni exponas*, which is void: but I should think it should rather be likened to a decree of a court of chancery, and this in fact it was in M'Pherson *v.* Cunliff, before cited. It is well settled, as regards that court, that you cannot go behind the decree to examine the regularity of the proceedings; and this whether the irregularity appears on the face of the proceedings or not. The injustice of this case is most manifest. The property was sold for a full price, which went to the payment of the debts of the intestate. The sale received the sanction of a court of competent jurisdiction, whose peculiar duty it is to protect the interests of minors. The heirs of the intestate now seek to recover the property from the purchaser without payment of the purchase money, or a reimbursement of money expended in improvements.

Judgment reversed.