THOMPSON, APPELLANT, v. CROCKER ET AL., APPELLEES,

1. DECREE, CONSTRUCTION OF.
Words to which reference is made in an instrument are to be given the
    same effect as though incorporated therein.
2. SAME.
A decree, which by reference to the pleadings correctly describes the
    property involved, is not necessarily vitiated by an inaccurate de-
    scription inserted therein and following the *videlicet*.
3. SAME.
A decree should not be so construed as to render it inoperative, when
    by construction it can be given effect.
4. PROBATE COURTS—JURISDICTION.
The probate courts had general common law and chancery powers.
5. JUDGMENT—COLLATERAL ATTACK.
The order of the probate court confirming a sale in the foreclosure
    proceeding, where it had jurisdiction of the subject-matter and of
    the parties, was final and conclusive upon the parties and their
    privies, and cannot be impeached in a collateral proceeding.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN A. PERRY, for appellant.

Messrs. BROWNE & PUTNAM, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Action to determine title to the north one third, of lot
eleven (11), in block two (2), west division of the city of
Denver, Arapahoe county, Colorado.

The plaintiff to show title in herself relies upon a title se-
cured through the foreclosure of a mortgage given upon the
property in controversy. This mortgage was executed by
Salathiel W. Thompson, at the time the owner in fee of the
premises. George H. and William N. Thompson are the
mortgagees named in the instrument. It conveyed all of
" the North one third, and the undivided one half, of the

center one third of lot eleven (11), in block two (2), in the West division of the city of Denver, Arapahoe County, Colorado." It was foreclosed by suit in the probate court of Arapahoe county, this court having jurisdiction of the subject-matter and the person of the defendant. The bill of complaint in the foreclosure suit alleges that said mortgage among other lands conveyed the north one third, of lot eleven (11), in block two (2), in the west division of the city of Denver, Arapahoe county, Colorado, to which was attached a copy of the mortgage.

The principal question in the case arises upon the language of the interlocutory decree in that suit. By that decree it is ordered,—" That the mortgaged premises mentioned in the complainant's bill, viz., ' All of the North one third, of the undivided one half, of the center one third, of lot eleven (11), in block No. two (2), situate in the West division of the city of Denver, Arapahoe county, territory of Colorado, to be sold," etc. This is followed by the master's certificate of purchase, which recites that in pursuance of the above mentioned interlocutory decree he sold the following land, or parts of land in said decretal order mentioned, viz.,—describing the premises as " The North one third, of lot number eleven (11), in block No. two (2), of the West division of Denver, Arapahoe county, territory of Colorado," to George H. and William N. Thompson.

The master's report also recites that he was by the interlocutory decree ordered to sell the property described in the certificate. The final decree of the county court recites the filing the foregoing report, and approves the same. Afterwards the master's deed to the property, correctly describing the same, was duly made to the purchasers.

The defendants below (appellees here) objected successively, to the introduction of the interlocutory decree, the master's certificate of purchase, the master's deed, the master's report of sale, and the final decree, upon the sole ground that said interlocutory decree did not order the sale of the property in controversy. All these objections were sustained

in the district court, and exceptions reserved. The decisions sustaining these several objections constitute the principal errors assigned in this court.

The only objections urged to the proceedings in the probate court are that the interlocutory decree is void by reason of the uncertain description of the property ordered to be sold. The decree orders that the mortgaged premises mentioned in the complainant's bill be sold. By a familiar principle of the law, words to which reference is made in an instrument are to be given the same effect as though incorporated therein. Hence the decree contains an accurate description of the property, without the words following the *videlicet.* The ambiguity, or uncertainty, which in the opinion of the trial court vitiated the interlocutory decree, arises wholly from the words following. Construing all the orders of the probate court together, there is no doubt but that the court intended to order the sale of the property here in controversy, the error in the decree arising from the insertion of the preposition " of," in place of the conjunction " and," before the words " the undivided one half." By the construction given, the decree is made operative, while by that given by the district court it is necessarily made inoperative. And we think it should be construed so that it may be of validity rather than be lost.

Moreover, the complainant's bill, filed in the probate court, contains an accurate description of the property; so also does the master's report, his certificate of sale and deed, and the final decree of the probate court. Salathiel W. Thompson, under whom appellees claim, was the sole party defendant in that suit. The record discloses that his appearance was duly entered, and that he was present when the final decree was made; he did not object to the confirmation of the master's report, or the final decree, and to such decree no writ of error was sued out, and no appeal taken therefrom.

The decree of the probate court is in all respects a final judgment. The court in which the proceedings were had was a court of general common law and chancery powers.

It had jurisdiction of the subject-matter of the action, as well as jurisdiction of the parties. It had power to either affirm the sale made by its officer, or annul the same and order a new sale. Its order affirming the sale, under the circumstances, is final and conclusive upon the parties and their privies, and it cannot be impeached in this collateral proceeding. *Klingensmith v. Bean*, 2 Watts, 486; *Evans v. Spurgin*, 6 Grattan, 107; *Cockey v. Cole*, 28 Md. 276; *D. C. I. & W. Co. v. Middaugh*, 12 Colo. 434.

We are of the opinion that the title acquired as the result of the foreclosure proceedings should have been admitted. With this, appellant's chain of title to the property in controversy is complete. The judgment of the district court is accordingly reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*