No. 16,750.

MAULDIN ET AL. v. LOWERY.
(255 P. [2d] 976)

Decided March 9, 1953. Rehearing denied April 20, 1953.

Mr. JOHN T. DUGAN, for plaintiffs in error.

Mr. ALBERT COHEN, Mr. ALEX STEPHEN KELLER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

OUR Rules of Civil Procedure, apparently having been confusing to the bar as to the distinction between the "Specification of Points" relied on for reversal on error, required by Rule 111 (f), and the "statement of each point intended to be urged, required by Rule 115 (c), have been amended to eliminate specification of points, and now require, by Rule 111 (f), in lieu of the former requirements, that "each party in his brief in his summary of the argument required by Rule 115 (c) shall state clearly and briefly the grounds upon which he relies in seeking a reversal * * *."

Rule 115 (c) further requires that: "Every brief filed in the supreme court, except one filed in support of or in opposition to a motion or an application for supersedeas shall contain *separately* in the order following: "(1) A subject index of the entire brief. (2) A table of all cases and statutes cited * * *. (3) The statement of the case as required by subdivision (a) of this rule. (4) A concise summary of the argument setting forth clearly and succinctly the grounds relied on by the party presenting the brief as required by Rule 111 (f). (5) The argument exhibiting clearly, *separately,* and without unnecessary repetition the points of fact and law being presented * * *."

The brief of plaintiffs in error, upon which re-

236

versal of the judgment of the trial court is sought, contains no subject index and no summary of the argument, separately or otherwise, and no other provision for advising this Court of the grounds relied on for reversal. There is no separate statement of the case, as required by Rule 115 (a) and (c), and the part of the brief which might be considered as intended for such statement is intermingled with argument; the statement of facts is not supported by references to folio numbers of the record, and the verdict and judgment sought to be reviewed are not set forth.

Our Court will not search through briefs to discover what errors are relied on, and then search through the record for supporting evidence. It is the task of counsel to inform us, as required by our rules, both as to the specific errors relied on and the grounds and supporting facts and authorities therefor.

The judgment is affirmed.