**In re the MARRIAGE OF Samuel J. SAIZ, Appellee,**

**and**

**Mary E. Saiz, n/k/a Mary E. Bonner, Appellant.**

**No. 80CA1175.**

Colorado Court of Appeals, Div. II.

July 9, 1981.

Rehearing Denied Aug. 6, 1981.

No appearance for appellee.

C. J. Berardini, Denver, for appellant.

ENOCH, Chief Judge.

In this *ex parte* appeal, Mary E. Bonner (the mother) appeals an order of the district court that she pay $150 per month in child support. We affirm.

A decree of dissolution was entered on May 3, 1977. Pursuant to that decree, Samuel Saiz (the father) was granted custody of the two children of the marriage. The

court incorporated in its decree of dissolution a settlement agreement of the parties that provided in part that the mother would contribute "in a reasonable manner to the support of the children." Subsequently, and apparently without court involvement, the parties orally agreed that $50 per month was reasonable support.

In March 1980, the father filed a "motion for child support," alleging "[t]hat conditions have substantially changed since the prior Orders of Court ... and that the lack of child support orders is presently unconscionable." This motion was heard by a judge other than the one who entered the original orders.

The court determined that, from the time of the dissolution decree to the time of the hearing, the mother's gross income had increased from approximately $700 per month to $1,376 per month. The father's gross income had increased during the same time from $1,100 per month to approximately $1,410. The court found, however, that circumstances were not changed so substantially as to make the prior order of child support unconscionable. Nevertheless, the court found "that $50 per month is not reasonable child support any longer, although it may well have been at the time of the agreement" and ordered the mother to pay $150 per month in child support.

The mother contends that the court erred by awarding $150 without first finding, pursuant to § 14–10–122, C.R.S. 1973, that circumstances were so substantially changed since the time of the original order as to make that order unconscionable. We disagree.

The original court order, while recognizing the mother's duty to support, did not set "an amount" of child support using the criteria of § 14–10–115, C.R.S. 1973. The court's present determination that $150 per month is reasonable support is the first determination by the court of an amount to be paid in conformance with the requirements of § 14–10–115, C.R.S. 1973. Accordingly, the court was not required to follow the modification of child support requirements under § 14–10–122, C.R.S. 1973, but

rather, was governed by the criteria for entering an original order of support.

There being no evidence that the trial court abused its discretion in setting the amount to be paid, we affirm its order of support.

PIERCE and TURSI, JJ., concur.