In re the MARRIAGE OF Shirley L. NORTON, Appellee,

and

**John T. Norton, Appellant.**

**Nos. 86CA1691, 87CA0787.**

Colorado Court of Appeals, Div. II.

June 2, 1988.

Jennifer I. Holt, Denver, for appellee.

Albert B. Dawkins, Denver, for appellant.

NEY, Judge.

John T. Norton (father) appeals the trial court's order interpreting the parties'

agreement, incorporated into the dissolution decree, as requiring him to pay the medical bills of his daughter (Julie) despite her "gainful employment." We affirm the trial court's order.

At the time of dissolution in 1977, Julie was nineteen years old and seriously ill with juvenile diabetes. She died in 1986 leaving unpaid medical bills. In relevant part, the parties' agreement provides:

"[Father] will provide medical insurance or pay Julie's medical expenses for the period of the next ten years or until Julie marries *or is gainfully employed,* whichever occurs first." (emphasis added)

It is undisputed that subsequent to the agreement, Julie was sporadically employed for short time periods but that her earnings were insufficient for subsistence. The dispute concerns whether the term "gainfully employed", as used in the agreement, requires that Julie be self-supporting before father is relieved of his liability for her medical expenses.

The trial court held that, although when strictly interpreted the term "gainful employment" means any remunerative employment, the contextual use of the term means self-supporting employment. Since Julie's employments never permitted her to be self-supporting, the court found father liable for her medical bills.

On appeal, father contends that the agreement is unambiguous and that the plain and ordinary meaning of "gainful" is "remunerative." Therefore, father asserts the court erred in admitting parol evidence and in construing the agreement to require self-supporting employment. We disagree.

## I

To determine if any ambiguity exists, the language of the agreement must be construed by application of the accepted meaning of the words and with reference to all its provisions. *Atchison Construction Co. v. Sossaman,* 717 P.2d 988 (Colo.App.1985). The nature of the transaction which forms the contract subject matter must also be considered. *Kelley v. Morgan,* 42 Colo. App. 223, 595 P.2d 1058 (1979).

If the language of a contract appears susceptible of more than one interpretation, the court should construe the contract in light of the situation and relation of the parties at the time it was made, and, if possible, accord it a reasonable and sensible meaning, consonant with its dominant purpose. *Continental Bus System, Inc. v. N.L.R.B.,* 325 F.2d 267 (10th Cir.1963).

Here, when standing alone, the term "gainfully employed" can reasonably and fairly mean either any remunerative employment or self-supporting employment. However, we agree with the trial court that, although the words "gainful employment" may alone be ambiguous, in the context in which the terms were used, they are unambiguous and can only *reasonably* mean "self-supporting." As the court stated,

"[T]here would be no point in tying gainful employment to medical care unless it is in contemplation of Julie's ability to provide for her own medical care. The other qualifying factor ... marriage, is an event which would transfer the responsibility for Julie's support from her parents to her spouse and further supports the interpretation of gainful employment as self-supporting."

## II

Father's contention that parol evidence was improperly admitted is without merit. The record reflects that there was no testimony taken as to the intent behind the phrase "gainfully employed."

Father's other contentions are without merit.

The order is affirmed.

SMITH and VAN CISE, JJ., concur.