In re the MARRIAGE OF Dixie J. MEISNER, Appellant,

and

Robert W. Meisner, Appellee.

No. 89CA0971.

Colorado Court of Appeals, Div. I.

Oct. 25, 1990.

Rehearing Denied Nov. 23, 1990.

Certiorari Denied April 8, 1991.

Sampson & Associates, Stewart B. Grant, Carolyn L. Sampson, Golden, for appellant.

Polidori, Gerome and Jacobson, Peter L. Franklin, Lakewood, for appellee.

Opinion by Judge PIERCE.

This is an appeal from the district court's order denying a motion by Dixie Meisner, mother, for enforcement of a dissolution decree. The district court concluded that it lacked jurisdiction to enforce the child support provision of a separation agreement incorporated into the decree. We reverse and remand for further proceedings.

The marriage of mother and father, Robert Meisner, was dissolved in February 1982. The dissolution decree incorporated a separation agreement which provided for joint custody of the couple's two minor children and contained the following provision regarding child support:

"*Child Support.* Both the parties to this action have always placed their children in a position of paramount importance in their lives. Both parties love and cherish their children and have always considered the welfare of their children to be even more important than their own welfare. Just as importantly, and perhaps even more importantly, the parties will continue this attitude of love and caring after their marriage is dissolved. · For this reason, *the parties do not desire to circumscribe their mone-*

*tary obligations for child support. Rather, each will contribute whatever may be necessary (in terms of* love, caring, *financial support* and the like) *for the support of their children.*" (emphasis added)

While the better practice would have been to state a sum certain as the support obligation of each party, no such provision was included in this agreement.

In December 1988, mother filed a motion for enforcement of the decree. The motion alleged that father had contributed less than $3,000 to the support of the children in the six-year interim since the divorce, notwithstanding that father had been gainfully employed throughout that period with an annual salary of $35,000 to $50,000. The motion estimated the amount of support arrearages to be $44,417, based upon the support standards set forth in the child support guidelines, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B).

Father moved to "dismiss" the motion. He asserted that the settlement agreement was unenforceable for lack of a specific support figure and that an award of arrearages based upon the child support guidelines, § 14–10–115, would be tantamount to a retroactive modification of the support order, contrary to § 14–10–122(1), C.R.S. (1990 Cum.Supp.).

The court ruled that the mother's six-year delay in bringing the enforcement action precluded enforcement of the decree, apparently under the doctrine of laches. Alternatively, the court ruled that it lacked jurisdiction under § 14–10–122(1) to award support arrearages for the preceding six years.

I.

■ The mother contends that the trial court erred in refusing to enforce the decree by invoking the doctrine of laches. We agree that the doctrine of laches was inapplicable, if applied here. The doctrine of laches has no application to actions for the recovery of past due child support. *Hauck v. Schuck,* 143 Colo. 324, 353 P.2d 79 (1960).

## II.

The mother next contends that the trial court erred in failing to distinguish between an order to enforce the original decree and an order that, contrary to § 14–10–122(1), would retroactively modify the decree. We agree.

If, as here, a separation agreement is incorporated into a decree of dissolution, the agreement is superseded by the decree, and enforcement of the agreement is governed by the remedies available for the enforcement of a judgment. *See* § 14–10–112(4)(a) and (5), C.R.S. (1987 Repl. Vol. 6B); *Jekot v. Jekot,* 32 Colo.App. 118, 507 P.2d 473 (1973).

However, "[t]here is no change in the relationship of the parties to the contract by virtue of its adoption and incorporation into the decree, nor of the force and effect of the terms thereof." *Lay v. Lay,* 162 Colo. 43, 425 P.2d 704 (1967). The parties' rights and liabilities under the decree are governed by the terms of the settlement agreement. *See In re Marriage of Robinson,* 629 P.2d 1069 (1981); *Haynes v. Haynes,* 41 Colo.App. 469, 586 P.2d 1010 (1978).

Accordingly, we agree that the trial court could not retroactively apply the child support guidelines, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), to determine the father's child support obligation. However, the court was required to interpret and enforce the support obligation set forth in the parties' separation agreement. *See In re Marriage of Norton,* 757 P.2d 1127 (Colo.App.1988).

The separation agreement at issue here states in clear and unequivocal language that the parties will *each* contribute "whatever may be necessary (in terms of ... financial support ... ) for the support of their children." The foregoing language constitutes a binding promise on the part of the father to contribute to his children's financial support. *See In re Marriage of Robinson, supra; In re Marriage of Norton, supra; In re Marriage of Lamm,* 682 P.2d 67 (Colo.App.1984). The only uncertainty is the amount of support owed by the father and whether the omission of a definite support obligation renders the support agreement unenforceable. We conclude that it does not.

A decree should be construed so as to render it lawful, operative, and effective. *See Thompson v. Crocker,* 18 Colo. 328, 32 P. 831 (1893). If a provision essential to the validity of the decree has been omitted, the obligation will be implied and enforced even though not specifically set forth. *See Orr v. Arapahoe Water & Sanitation District,* 753 P.2d 1217 (Colo.1988).

Likewise, enforcement of this obligation does not constitute retroactive modification of the decree. The original decree established a duty on behalf of both parties to provide the necessary financial support for their children. A determination by the trial court of a reasonably necessary amount is an interpretation of a valid, existing decree. *See In re Marriage of Saiz,* 634 P.2d 1020 (Colo.App.1981).

Both parties should honor and fulfill all obligations made between them and ordered by the court. Section 14–10–104.5, C.R.S. (1990 Cum.Supp.). To allow otherwise would permit father unilaterally to terminate his child support obligation, without himself obtaining an order of modification. *See Abrams v. Connolly,* 781 P.2d 651 (Colo.1989).

We also reject the father's argument that a contrary result is required by our decisions in *In re Marriage of McKendry,* 735 P.2d 908 (Colo.App.1986); *In re Custody of Garcia,* 695 P.2d 774 (Colo.App.1984); *In re Marriage of Klein,* 671 P.2d 1345 (Colo.App.1983); and *In re Marriage of Serfoss,* 642 P.2d 44 (Colo.App.1981). Each of those cases involved a claim for "equitable reimbursement" for amounts expended for child support in the absence of a valid child support order. Here, in contrast, the parties obligated themselves to contribute jointly to their minor children's "necessary" financial support.

Applying the foregoing principles, we conclude the trial court has jurisdiction, pursuant to the Uniform Dissolution of Marriage Act, to enter judgment for arrearages in child support. *See In re Marriage of Warner,* 719 P.2d 363 (Colo. App.1986). The case must therefore be remanded to the district court to determine

a reasonably necessary support obligation of the father under the terms of the separation agreement, as incorporated into the dissolution decree.

### III.

 We also agree with the wife that the trial court erred in summarily denying her request for attorney fees. In so doing, the court reasoned that it had no jurisdiction to hear her motion and that, in any event, it had no authority to award fees because wife had not prevailed. However, the separation agreement provides that the parties are entitled to remedies "at law and in equity" for enforcement of the agreement. Accordingly, on remand the trial court has the discretion to award wife attorney fees pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). *See Baker v. Baker,* 667 P.2d 767 (Colo.App.1983).

The order of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

SMITH and REED, JJ., concur.