In re the MARRIAGE OF Barbara
L. DONOVAN, f/k/a Barbara
L. Baker, Appellant,

and

Bradley C. Baker, Appellee.

No. 00CA2059.

Colorado Court of Appeals,
Div. V.

Sept. 27, 2001.

Barnett Berrett King & Southam, LLC, John William Barnett, Aurora, CO, for Appellant.

Arlan I. Preblud, Denver, CO, for Appellee.

Opinion by Judge TAUBMAN.

In this post-dissolution proceeding between Barbara L. Donovan, formerly known as Barbara L. Baker (mother), and Bradley C. Baker (father), mother appeals the trial court order denying her motion to relocate with the parties' child to Nevada. We vacate the order and remand for further proceedings.

Pursuant to the 1996 permanent orders, mother was named the sole custodian of the child and was prohibited from permanently removing the child from Colorado without father's permission or a court order. Four years later, mother filed her motion to relocate with the child to Las Vegas. She asserted that the move was necessary because "our monthly income goes farther, [the child's maternal] grandmother is moving there at the end of July (she is a daily part of [the child's] life), nicer home than we have now, good new schools, and starting a stucco business there."

At the hearing, mother presented evidence on proposed schools, improved housing, the maintenance of close contact with the maternal grandparents, a proposed parenting time schedule for father that would maintain or increase the number of overnights, and the economic reasons for the move. The court was not persuaded that the grandparents' move played a large role in mother's decision to move, but instead found that "this move is

motivated solely by what are articulated as the economic desires of [mother]." Discrediting the strength of this economic motivation, the court found that "the weakness of the asserted reason and the failure to consider at all the needs of [father] makes the move not sensible." Concluding that mother had not presented a prima facie case for removal under *In re Marriage of Francis*, 919 P.2d 776 (Colo.1996), the court denied the motion.

## I.

Mother contends that the trial court misapplied *Francis*. We agree.

### A.

■ In *Francis*, the supreme court developed a three-part test applicable to removal cases. Where, as here, the parent with sole residential custody wishes to move from Colorado with the child, the custodial parent first must present a prima facie showing that there is a sensible reason for the move. Secondly, if that prima facie showing has been made, a presumption allowing the child to remain with the custodial parent arises, and the burden shifts to the noncustodial parent to show that the move is not in the best interests of the child. *In re Marriage of Francis, supra,* 919 P.2d at 784–85; *cf.* Colo. Sess. Laws 2001, ch. 222, § 14–10–129(2)(c) at 761–62 (effective for motions filed on or after September 1, 2001, listing factors that must be considered in ruling on a request for relocation made by a party with whom the child resides a majority of the time, but not requiring custodial parent to present prima facie showing of sensible reason for relocation).

The third part of the *Francis* test involves overcoming the presumption and contains two prongs.

■ First, the noncustodial parent may overcome the presumption by showing that one of the factors in § 14–10–131(2), C.R.S. 2001, has been met. These factors include, *inter alia,* showing that the child would be endangered by the move. Section 14–10–131(2)(c), C.R.S.2001; *In re Marriage of Francis, supra,* 919 P.2d at 785.

■ If, however, there is no credible evidence of endangerment, then the noncustodial parent can also overcome the presumption through the second alternative prong. This prong requires establishing by a preponderance of the evidence that the negative impact of the move outweighs the advantages of the child's remaining with the primary caregiver. A trial court should allow the residential custodian to move with the child unless the evidence shows that the disadvantages of moving are great enough to outweigh the advantage of the child staying with the same parent. *In re Marriage of Francis, supra,* 919 P.2d at 785.

■ The four factors applicable to this second prong include: 1) whether there is a reasonable likelihood the proposed move will enhance the quality of life for the child and the custodial parent; 2) whether the court is able to fashion a reasonable visitation schedule for the noncustodial parent after the move and the extent of the noncustodial parent's involvement with the child at the old location; 3) whether there is a support system of family or friends, either at the new or old location; and 4) the educational opportunities for the child at the new and old locations. If these factors, considered together with others the trial court may find relevant, outweigh the presumption favoring the custodial parent, then the removal petition should be denied. Otherwise, the custodial parent should be entitled to the benefit of the presumption. *In re Marriage of Francis, supra,* 919 P.2d at 785.

### B.

■ Mother contends that the trial court erred in finding that a divorced custodial parent must make a decision to move based upon "relevant factors which parents in an intact family would consider." We agree that the trial court's consideration of factors applicable to an intact family was erroneous.

Here, in considering whether mother had demonstrated a sensible reason to move, the court found that:

a rational, reasonable, practical and informed [which were terms suggested by

mother as synonyms for "sensible"] intact family making a decision to move would consider the needs of the child vis-à-vis relatives and other persons who were close to the child in an emotional sense before making the move. For example, an intact family in making a move would consider the strength and weakness of the child's relationship to grandparents and . . . other significant people in the child's life.

Holding mother to the standard applied to an intact family is at odds with the *Francis* court's recognition that a new family unit is created for the child after a dissolution of marriage and that the child's best interests are interwoven with the well-being of that new family unit. While concluding that "the non-custodial parent's interests must certainly not be disregarded," the supreme court emphasized that the custodial parent's interests must be taken into account in order to safeguard the child's best interests. *In re Marriage of Francis, supra,* 919 P.2d at 784.

Here, the court's reference to an intact family does not account for the inherent differences between those families and divorced parents striving to create new family units. Accordingly, the trial court on remand must reconsider mother's motion to relocate without reference to the considerations of an intact family.

### C.

Mother next contends that, although the term "sensible" was not defined by the *Francis* court, the four factors of the second alternative prong of the third part of the *Francis* test—quality of life, reasonable visitation schedule, support system, and educational opportunities—are appropriate considerations in determining what constitutes a sensible reason for a move by the custodial parent. While we agree that these factors may be considered, they are not the only pertinent factors.

■ The opinion in *Francis* does not explain what constitutes a sensible reason for moving. However, the court gave one example of a reason that would *never* be sensible: "a move based on the custodial parent's vindictive desire to interfere in the relationship

between the child and the non-custodial parent is not a *legitimate reason* for the move." *In re Marriage of Francis, supra,* 919 P.2d at 784. (emphasis added) In so doing, the court equated "sensible" with "legitimate." The *Francis* court also noted that a prima facie case was established in *In re Marriage of Murphy,* 834 P.2d 1287, 1291–92 (Colo. App.1992), where the "mother presented ample evidence that the move to Iowa was motivated by economic necessity and not by a desire to disturb the relationship with the father." *See In re Marriage of Francis, supra,* 919 P.2d at 784 n. 8.

The court in *Francis* did not purport to address the myriad factual situations that arguably could be considered sensible reasons for a move. Given the flexible, fact-specific nature of this inquiry, we decline to construe *Francis* as requiring that a trial court consider any particular set of factors when determining whether a sensible reason for a move has been shown. Instead, we hold that the inquiry contemplates a wide range of considerations that may be pertinent to the evidence at issue. *See People v. Shreck,* 22 P.3d 68 (Colo.2001)(applying this standard to a determination of "reliability").

Here, mother presented evidence concerning quality of life, reasonable visitation schedules, support systems, and educational opportunities, which was arguably sufficient to establish a prima facie case. Because the trial court in part based its determination on factors pertinent to intact families, discussed above, we must remand the case for further proceedings.

■ On remand, in determining whether mother has established a prima facie case, the court may consider any factor relevant to a custodial parent's sensible reasons for moving. Additional evidence regarding the parties' current circumstances may be presented on remand in the discretion of the trial court. *See In re Marriage of Burford,* 26 P.3d 550 (Colo.App.2001).

### II.

Our remand for reconsideration obviates the need to address mother's contention that she was denied equal protection because she

was treated differently from parents in intact families.

The order is vacated, and the case is remanded for reconsideration of mother's motion to relocate with the child to Nevada.

Judge KAPELKE and Judge NIETO concur.