315 So.2d 528 (1975)
Paul R. HARRIS and Thelma Harris, His Wife, Appellants,
v.
RICHARD N. GROVES REALTY, Inc. and Kirkwood Investment & Development Corp., Appellees.
No. 74-1333.
District Court of Appeal of Florida, Fourth District.
June 27, 1975.
Walter M. Meginniss of Crary, Buchanan & Meginniss, Stuart, for appellants.
Gilbert T. Brophy, Tequesta, for appellees.
CROSS, Judge.
Appellants-respondents, Paul R. Harris and Thelma Harris, appeal an order entered by the trial court awarding appellee-petitioner, Richard N. Groves Realty, costs and attorneys' fees in an action seeking a declaratory judgment. We reverse.
Appellants-respondents, Paul R. Harris and Thelma Harris, entered into a contract to purchase from appellee-respondent, Kirkwood Investment & Development Corporation, certain improved real property located in a development known as Turtle Creek Village. The contract was conditioned upon the Harris' procurement of a mortgage for eighty per cent of the property's purchase price and the Harris' acceptance for membership in the Turtle Creek Club. The Harrises deposited $8,750 with appellee-petitioner, Richard N. Groves Realty (Groves), the broker in the transaction.
The Harrises failed to obtain the required mortgage. Also it became apparent that the Harrises would not be granted membership in the Turtle Creek Club. Therefore, the purchase of the property was never consummated. The Harrises *529 demanded that Groves return their deposit. Kirkwood claimed that it was entitled to the deposit under the terms of the contract because the Harrises defaulted on the purchase of the property.
Amicable settlement of the conflicting claims to the deposit proved impossible. Groves, naming Kirkwood and the Harrises as respondents, filed a petition for declaratory judgment in the circuit court. In the petition Groves requested that the circuit court:
1. resolve the dispute between Kirkwood and the Harrises concerning the $8,750 deposit;
2. direct Kirkwood to pay Groves' broker's commission as required by the terms of the contract; and
3. award Groves reasonable attorney's fees and costs sustained by Groves in prosecuting the suit for declaratory judgment.
The $8,750 was deposited into the Registry of the Court. A hearing was held on the matters at issue. At the conclusion thereof, the circuit court entered a final judgment ordering the clerk of the court to disburse the $8,750 to Groves and Kirkwood. Jurisdiction was retained by the court to settle matters of costs and attorneys' fees on appropriate motion.
Subsequently, Groves filed motion to tax costs and attorneys' fees against the Harrises. A hearing was held on this motion. Groves based its claim for attorneys' fees and costs on paragraph "u" of the contract for the purchase of the property entered into by Kirkwood and the Harrises, which provides as follows:
"In connection with any litigation arising out of the contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees."
The trial court entered an order directing the Harrises to pay $48.95 in costs to Groves, and citing paragraph "u" of the contract, above delineated, $2200 in attorney's fees to Groves' attorney. It is from this order that the Harrises appeal.
The sole question for our determination on this appeal is whether the trial court erred in ordering the Harrises to pay $2200 in attorney's fees to Groves' attorney.
It is an established rule in this state that attorneys' fees may not be awarded unless provided for by statute or agreement of the parties. Section 86.081, Florida Statutes 1973, governing declaratory judgments, provides that the circuit court may award costs as are equitable. However, this statute cannot be expanded to include attorneys' fees. Tamiami Abstract and Title Co. v. Malanka, 185 So.2d 493 (Fla.App. 1966).
Paragraph "u" of the instant contract between Kirkwood and the Harrises for the purchase of the property does provide that a prevailing party in any litigation arising out of the contract will be entitled to recover all costs incurred, including reasonable attorneys' fees. An examination of the entire contract indicates, however, that the term "prevailing party" as used in paragraph "u" contemplates a formal party to the contract, i.e., a buyer or a seller, prevailing in litigation arising out of the contract. Under the contract, Kirkwood recognized Groves as the broker in the transaction and agreed to pay Groves a specified commission, and Kirkwood and the Harrises together designated Groves to receive and hold the $8,750 deposit. Groves was clearly not a formal party to the contract and was not entitled to recover reasonable attorney's fees as a prevailing party under paragraph "u" of the contract. The trial court, therefore, erred in ordering the Harrises to pay $2200 attorney's fees to Groves' attorney.
Accordingly, that part of the order appealed directing the Harrises to pay $2200 attorney's fees to Groves' attorney is reversed, and the cause is remanded for further *530 proceedings consistent with the views herein expressed. In all other respects, the order appealed is affirmed.
Affirmed in part; reversed in part, and remanded for further proceedings.
MAGER, J., and MARKO, PAUL M., III, Associate Judge, concur.