Daniel J. PARKER, Plaintiff–Appellee,

v.

**CENTER FOR CREATIVE LEADERSHIP, Defendant–Appellant.**

No. 99CA1595.

Colorado Court of Appeals, Div. III.

Nov. 9, 2000.

Richard James Goff, P.C., Daniel A. Brittsan, Littleton, CO, for Plaintiff–Appellee.

White & Steele, P.C., Sandra L. Spencer, Todd Clarke, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Center for Creative Leadership (CCL), appeals the order of the trial court denying its request to require plaintiff, Daniel J. Parker, to submit to arbitration. We reverse and remand with directions.

CCL and plaintiff's employer, U.S. West Marketing Resources Group, Inc., entered into a Service Agreement. Plaintiff suffered injuries while attending a corporate leadership workshop sponsored by employer and conducted by CCL. Plaintiff filed suit against CCL, asserting claims for negligence, breach of contract, negligent misrepresentation, and intentional misrepresentation.

In his complaint, plaintiff alleged that he was a third-party beneficiary of the Service Agreement between employer and CCL.

CCL sought to enforce the arbitration clause contained in the Service Agreement. Section 20.6 of the Service Agreement, entitled "Dispute Resolution," reads, in pertinent part:

> 20.6.1 *Any claim,* controversy or dispute, whether sounding in contract, statute, tort, fraud, misrepresentation or other legal theory, *between the parties to this Agree-*

*ment or between one of the parties to this Agreement and the employees . . . of the other party,* shall be resolved by arbitration as prescribed in this section. The Federal Arbitration Act, 9 U.S.C. § 1–15, not state law, shall govern the arbitrability of all claims. (emphasis added)

The trial court denied the motion, finding that, because plaintiff did not sign the Service Agreement, the arbitration clause did not apply to him.

I.

CCL contends on appeal that plaintiff is bound by the arbitration clause as an alleged third-party beneficiary of the Service Agreement. We agree.

The question of arbitrability is one for the court to decide. *Jefferson County School District No. R–1 v. Shorey,* 826 P.2d 830 (Colo.1992).

The right to compel arbitration of a dispute is derived from contract. Thus, one who is not a party to the contract generally cannot compel, or be compelled to participate in, arbitration. *Eychner v. Van Vleet,* 870 P.2d 486 (Colo.App.1993). However, a nonparty, such as a third-party beneficiary, may fall within the scope of an arbitration agreement if the parties to the contract so intend. *Everett v. Dickinson & Co.,* 929 P.2d 10 (Colo.App.1996); *Eychner v. Van Vleet, supra.*

In the present case, although the information in the record is limited, it appears that the Service Agreement was entered into so that CCL could provide leadership training services for the benefit of employer and its employees. In return, CCL and employer agreed to arbitrate any disputes arising between them and/or their employees.

In his complaint, plaintiff brought claims for relief based upon CCL's alleged responsibilities under the Service Agreement. Consequently, plaintiff may not, while seeking to enforce CCL's duties and obligations under the agreement, at the same time argue that the provisions of that contract do not apply to him. *See Lee v. Grandcor Medical Systems, Inc.,* 702 F.Supp. 252 (D.Colo.1988)

(third-party beneficiary must accept contract's burdens along with its benefits); *Georgia Power Co. v. Partin*, 727 So.2d 2 (Ala.1998)(same).

Here, the contract between employer and CCL expressly provided that all claims, regardless of theory, between the parties or an employee of one of the parties must be submitted to arbitration. The employer and CCL thus demonstrated their intent to create enforceable rights in or duties to third parties, including plaintiff. Thus, based on the language of the Service Agreement, as well as the surrounding circumstances, we determine that all of plaintiff's claims are subject to the arbitration clause.

Plaintiff suggests that, if necessary to avoid arbitration, he would, on remand, seek to remove his third-party beneficiary claim from his complaint. However, we may only rule upon the record as it exists before us, and the complaint contains such a claim. We are not at liberty to speculate whether plaintiff would be permitted on remand to amend his complaint to delete the third-party beneficiary claim.

## II.

 CCL contends that it is entitled to an award of attorney fees and costs incurred in enforcing the arbitration clause. We disagree.

The interpretation of a contract is generally a question of law. *See Everett v. Dickinson & Co., supra.* Here, the Service Agreement provides, in pertinent part:

> 20.6.4 If *any party* files a judicial or administrative action asserting claims subject to arbitration, as prescribed herein, and another party successfully stays such action and/or compels arbitration of said claims, *the party* filing said action *shall pay* the other party's costs and expenses incurred in seeking such stay and/or compelling arbitration, including reasonable attorneys' fees.

(emphasis added)

Unlike the Service Agreement's arbitration clause, its attorney fee/cost provision refers only to the parties and does not include their employees. In light of this difference in the wording of the provisions, we conclude that plaintiff may not be held liable under the attorney fee/cost clause for CCL's attorney fees and costs.

The order of the trial court denying CCL's request for arbitration is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge NEY and Judge KAPELKE concur.