Darryl HARWIG and Cheryl Harwig,
Plaintiffs–Appellants,

v.

Elvin D. DOWNEY and Gail R. Downey,
Defendants–Appellees.

No. 01CA1946.

Colorado Court of Appeals,
Div. IV.

Sept. 12, 2002.

Garrett Sheldon, Walsenburg, Colorado, for Plaintiffs–Appellants.

Karrick A. Burrows, Pueblo, Colorado, for Defendants–Appellees.

Opinion by Judge VOGT.

Plaintiffs, Darryl Harwig and Cheryl Harwig, appeal the trial court's order denying their request for attorney fees as prevailing third-party beneficiaries in their breach of contract action against defendants, Elvin D. Downey and Gail R. Downey. We affirm.

Plaintiffs sold pasture land to defendants' predecessors in interest, the Rays, and the Rays leased the property back to plaintiffs for grazing. As lessors, the Rays were re-

quired to pay for all repairs to the existing well and solar pump systems. Defendants purchased the property from the Rays subject to the lease, executed a lease assignment, and thereby assumed the Rays' obligations with respect to the well and solar pump systems.

Plaintiffs subsequently brought this action for specific performance and damages, alleging that defendants had breached the lease by failing to maintain a solar pump and supply water to plaintiffs' cattle. They also asserted a claim for attorney fees. Although there was no attorney fee provision in the lease or the lease assignment, plaintiffs sought fees pursuant to a fee provision in the sales contract between the Rays and defendants, alleging that they were third-party beneficiaries of that contract.

After a bench trial the trial court found that defendants had breached their obligations under the lease and the sales contract. It awarded plaintiffs damages of $1811.66 and ordered defendants to reinstall the solar pump system they had removed and to make all repairs required by the lease. However, it denied plaintiffs' request for attorney fees, noting that there was no statutory authority for fees and that the lease contained no fee provision. Regarding plaintiffs' claim that they were third-party beneficiaries of the sales contract between the Rays and defendants, the court stated:

> That contract's provisions regarding an award of attorney fees for litigation relating to this contract cannot support an award of attorney fees. The contract is a standard contract to buy and sell vacant farm land and its intent was not to confer the right to receive an award of attorney fees upon a third party such as Plaintiffs, who were lessees of the subject property. Other provisions of the contract, such as the one requiring mediation, did not bind Plaintiffs and they cannot pick and choose which provisions of the contract they wish to enforce while ignoring others. The Court has been unable to locate any case allowing for attorney fees in this situation.

## I.

Plaintiffs contend that they were entitled to recover attorney fees as third-party beneficiaries under the sales contract and that the trial court erred in ruling to the contrary. We disagree.

■ Colorado follows the American Rule with regard to the award of attorney fees. This rule provides that, in the absence of a statute, court rule, or private contract to the contrary, attorney fees are not recoverable by a prevailing party in either a contract or a tort action. *See Adams v. Farmers Ins. Group*, 983 P.2d 797 (Colo.1999); *Littlefield v. Bamberger*, 32 P.3d 615 (Colo.App.2001).

■ Here, because no statute or rule provided for attorney fees and the lease on which plaintiffs' breach of contract claim was based included no fee provision, plaintiffs were entitled to attorney fees only if they were third-party beneficiaries of the fee provision in the sales contract between defendants and the Rays.

■ A person not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the nonparty, provided that the benefit claimed is a direct and not merely an incidental benefit of the contract. While the intent to benefit the nonparty need not be expressly recited in the contract, the intent must be apparent from the terms of the agreement, the surrounding circumstances, or both. *Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049 (Colo.1994); *Glover v. Southard*, 894 P.2d 21 (Colo.App.1994).

### A.

We first consider whether the language of the sales contract evidences an intent to afford plaintiffs the benefit of its attorney fee provision. We conclude that it does not.

■ The interpretation of language in a contract is a question of law that we review de novo. In interpreting a contract, our goal is to determine and give effect to the intent of the parties. That intent is to be determined primarily from the contract language

itself. *Ad Two, Inc. v. City & County of Denver,* 9 P.3d 373 (Colo.2000).

The attorney fee provision in the sales contract states:

In the event of any arbitration or litigation relating to this contract, the arbitrator or court shall award the prevailing party all reasonable costs and expenses, including attorney fees.

We agree with plaintiffs that, in light of the broadly worded phrase "any ... litigation relating to this contract," the provision would apply in litigation between the contracting parties concerning a breach of the lease to which the sales contract was subject. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.,* 25 P.3d 1187 (Colo.2001). However, that conclusion does not end the inquiry. Because the provision contemplates an award of fees to "the prevailing party" and plaintiffs were not parties to the sales contract, the contract language or the circumstances must show that the contracting parties intended to benefit plaintiffs with the provision.

In arguing that the contract language shows such intent, plaintiffs point out that the sales contract uses the terms "seller" and "buyer" in most of its other provisions. Thus, they contend, because the fee provision refers to a "prevailing party" rather than a "prevailing buyer or seller," it shows an intent to award fees to any prevailing party, including a third-party beneficiary. We are not persuaded.

Although the sales contract refers most frequently to "buyer" and "seller," other paragraphs of the contract besides the fee provision also refer to the "party" or "parties." Upon reviewing these provisions, we conclude that the contract uses "party" and "parties" to refer only to the signatories unless the reference is specifically to "third parties."

Paragraph 4(a) states that "the parties" authorize delivery of the earnest money deposit to the closing company at or before closing. The mediation provision, paragraph 21, requires "the parties" to mediate any dispute relating to the contract. Paragraph 25 states that the contract is "the entire contract between the parties." Paragraph 26 requires that documents with original signatures be provided earlier than closing "upon request of any party." Paragraph 28, regarding notice of acceptance, refers to the "offering party" and permits a copy of the document to be executed "by each party separately."

The parties referred to in these paragraphs can logically be only the direct parties to the contract, that is, the buyers and sellers, not the potentially larger group of parties to litigation arising out of or relating to the contract.

Conversely, where the reference is to parties other than the buyers and sellers, those parties are called "third parties," as in paragraphs 8(b) and 12(c), addressing rights of third parties in the property.

In addition, the contract contains an express provision for attorney fees for certain parties who are not signatories to the contract. Paragraph 22 provides that a broker or closing company may file an interpleader action in the event of an earnest money dispute and that the broker or closing company shall recover attorney fees in such circumstances. The inclusion of this express attorney fee provision further counsels against inferring rights for nonparties under the "prevailing party" fee provision.

In sum, we find nothing in the language of the contract itself to indicate that the parties intended to benefit plaintiffs with the attorney fee provision. Thus, we conclude that the terms of the agreement do not support a conclusion that plaintiffs may enforce that provision as third-party beneficiaries.

We note that our conclusion is consistent with that of another division of this court that declined to assess attorney fees against a third-party beneficiary under a contractual provision awarding fees against "any party" who filed an action that should have been submitted to arbitration. *See Parker v. Center for Creative Leadership,* 15 P.3d 297 (Colo.App.2000).

Our analysis and conclusion are also consistent with those of other courts that have addressed the applicability of contractual "prevailing party" fee provisions to third-party beneficiaries. *See Int'l Brotherhood*

*of Electrical Workers, Local Union No. 134 v. Chicago & N.E. Ill. Dist. Council of Carpenters,* 149 F.Supp.2d 452, 459 (N.D.Ill.2001)(declining to award attorney fees under prevailing party provision to defendant claiming third-party beneficiary status, and concluding that reference in standard form contract to prevailing party "logically refers to whichever signatory to the contract prevailed, not to a third-party beneficiary"); *Harris v. Richard N. Groves Realty, Inc.,* 315 So.2d 528 (Fla.Dist.Ct.App.1975)(examination of entire contract indicated that term "prevailing party" in attorney fee provision contemplated formal party to contract, *i.e.,* buyer or seller, and not broker seeking to recover attorney fees under that provision); *Wardley Corp. v. Welsh,* 962 P.2d 86 (Utah Ct.App.1998)(because purchase agreement used words "party" and "parties" in other provisions to refer only to signatories, it evidenced no intent to benefit broker, who successfully sued for commission as third-party beneficiary, with an award of attorney fees under its "prevailing party" provision); *Watkins v. Restorative Care Center, Inc.,* 66 Wash.App. 178, 831 P.2d 1085 (1992)(contractual provision granting attorney fees to prevailing party could not be enforced against losing party who had alleged third-party beneficiary status).

### B.

We next consider whether there was evidence of surrounding circumstances that would show that the contracting parties intended to afford plaintiffs the benefit of the attorney fee provision. We conclude that the circumstances as shown in the record suggest there was no such intent.

The sales contract was a standard form contract to buy and sell vacant farm or ranch land. While the parties added certain provisions to the form contract, the standard attorney fee provision was not altered.

The absence of any attorney fee provision in the lease or the lease assignment also suggests that there was no intent to benefit plaintiffs with the fee provision in the sales contract. *See Dravo Corp. v. Robert B. Kerris, Inc.,* 655 F.2d 503 (3d Cir.1981)(fact that other contracts allowed appellant's recovery under their express provisions was evidence that parties to contract at issue did not intend appellant to be a third-party beneficiary of their contract).

### C.

■ The trial court's order also indicates that plaintiffs were seeking to enforce the attorney fee provision of the sales contract while declining to be bound by its provision requiring the parties to mediate disputes relating to the contract. Although plaintiffs argue that whether they were bound by the mediation clause is irrelevant, we agree with the trial court that they could not "pick and choose" which provisions of the sales contract they wanted to enforce. *See Parker v. Center for Creative Leadership, supra* (third-party beneficiary must accept contract's burdens along with its benefits; thus, party seeking to enforce defendant's contractual obligations was also bound by contract's arbitration provision).

### II.

■ Relying on the trial court's statement that defendants' counterclaim was "wholly without merit," plaintiffs also assert that they are entitled to attorney fees pursuant to § 13–17–102, C.R.S.2001, on the basis that the defense was frivolous and groundless. However, because they did not raise this argument in the trial court, we do not address it. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992)(issue not presented to trial court may not be raised for first time on appeal).

The order is affirmed.

Judge NEY and Judge ROTHENBERG concur.