**Mickey L. PECK, individually and on behalf of all other similarly situated, Plaintiff,**

v.

**ENCANA OIL & GAS, INC., Defendant.**

**Civil Action No. 15–cv–01800–CMA**

United States District Court, D. Colorado.

Signed December 16, 2016

**1182**

John A. Neuman, Don J. Foty, Kennedy Hodges, L.L.P., Patrick Kevin Leyendecker, Ahmad Zavitsanos Anaipakos Alavi & Zavitsanos, PC, Houston, TX, for Plaintiff.

Matthew David Spohn, Norton Rose Fulbright US LLP, Denver, CO, for Defendant.

## ORDER DENYING MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS

CHRISTINE M. ARGUELLO, United States District Judge

This matter is before the Court on Defendant Encana Oil & Gas (USA), Inc.'s (Encana)[1] Motion to Compel Arbitration of Plaintiff's Claims and to Dismiss or, Alternatively, to Close or Stay Litigation. (Doc. 34.) On August 15, 2016, Plaintiff filed a response to Defendant's motion. (Doc. # 35.) On August 29, 2016, Defendant filed a reply. (Doc. # 36.) For reasons addressed below, the Court denies Defen-

dant's motion to compel arbitration of Plaintiff's claims.

## I. BACKGROUND

Plaintiff Mickey Peck worked as a Well Site Supervisor from approximately October 2012 through June 2013. (Doc. # 33 at 3.) He alleges that he was misclassified as an independent contractor and although he was required to work in excess of forty hours in a workweek, Defendant failed to pay him overtime wages for the hours he worked in excess of forty hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. (*Id.* at 3–4, 9.)

On June 26, 2007, Greene's Energy Group LLC (Greene's) entered into a Master Service Agreement (MSA) with Defendant Encana. Pursuant to that MSA, Greene's was responsible for "[f]urnishing the services of all personnel and supervisors required to complete the Work." (Doc. # 34–1 at 3.) According to Defendant, Plaintiff provided services to Encana pursuant to the MSA. (Doc. # 34 at 2.)

The MSA contains a mandatory arbitration provision requiring that "[a]ny disputes between the parties arising out of or in connection with [the MSA] shall be fully and finally settled by arbitration." (*Id.* at p. 9.) It is undisputed that Plaintiff was not a signatory to the MSA and did not sign any agreement to arbitrate his claims. Nevertheless, Defendant moves to compel Plaintiff to arbitrate his claim arguing that his claims arise out of Greene's MSA with Encana.

## II. STANDARD OF REVIEW

 Defendant moves to compel arbitration of Plaintiff's claims and to dismiss,

---

1. Defendant contends that the correct name of the entity is Encana Oil & Gas (USA) Inc. as opposed to Encana Oil & Gas, Inc.

or alternatively stay this litigation, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4, and Federal Rule of Civil Procedure 12(b)(1). The party seeking to dismiss or stay a case pending arbitration has the burden of showing that the case is subject to arbitration. *GATX Mgmt. Servs., LLC v. Weakland*, 171 F.Supp.2d 1159 (D. Colo. 2001).

## III. ANALYSIS

Defendant argues that the doctrine of equitable estoppel bars Plaintiff from pursing his claims in this court because his claims arise out of the MSA, which contains a mandatory arbitration clause. Plaintiff agrees that a non-signatory to an arbitration clause can be estopped from avoiding the arbitration clause if his claims arise out of the agreement containing the arbitration clause but contends that his claims do no arise out of the MSA.

The question of who may be bound to an arbitration provision is governed by state law relating to contracts in general. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009). The parties agree that under Colorado law, a signatory to an arbitration agreement may compel a non-signatory plaintiff to arbitrate a claim, "so long as the claim arises from an agreement containing an arbitration provision and the plaintiff seeks the benefit of that agreement.[2] (Doc. ## 35 at 7; 36 at 2); *see e.g., Smith v. Multi–Fin. Sec. Corp.*, 171 P.3d 1267, 1274 (Colo. Ct. App. 2007) (finding that the non-signatory plaintiffs were estopped from avoiding the arbitration provisions in the agreements whose benefits they sought to enforce); *Parker v. Ctr. for Creative Leadership*, 15 P.3d 297, 298 (Colo. Ct. App. 2000) (plaintiff who alleged

he was a third-party beneficiary of an agreement that contains arbitration agreement and who seeks to enforce the defendant's duties and obligations under that agreement must arbitrate claims); *see also Meister v. Stout*, 2015 COA 60, ¶ 12, 353 P.3d 916, 920 (Colo. Ct. App. 2015) ( "a signatory to an arbitration agreement may compel arbitration of a claim brought against it by a non-signatory plaintiff, so long as the claim arises from the agreement containing the arbitration provision").

The question, therefore, for this Court to resolve is whether Peck's claims "arise" out of the MSA and whether Peck seeks the benefit of the MSA. Peck asserts claims of unpaid overtime under the Fair Labor Standards Act (FLSA) against Encana. Defendant contends that Peck's relationship with Encana existed only as a result of the MSA and that all payments for Peck's services were made to Greene's in accordance with the MSA. Finally, Defendant contends that the MSA specifically provides that Greene's shall comply with the FLSA and "shall cause its subcontractors and their responsive employees to comply with....the Fair Labor Standards Act." (Doc. # 34–1 at p. 7.) On the other hand, Peck argues that his claims arise under the FLSA and that he is not relying on or seeking the benefit of any term or provision of the MSA to assert his claims.

The Colorado Courts have not analyzed what is required for a claim to "arise" out of a contract. The Tenth Circuit, on the other hand, has reached this question, albeit in an unpublished decision. In *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, 449 Fed.Appx. 704 (10th Cir. 2011) (unpublished), the Tenth Circuit affirmed

---

2. The Court notes that the Colorado Supreme Court has not addressed whether and under what circumstances equitable estoppel might apply to compel arbitration between a signatory and a non-signatory.

the district court's decision denying non-signatory defendants' motion to compel arbitration. The Tenth Circuit recognized that, in the arbitration context, a party may be estopped from asserting that the lack of a party's signature on a written contract precludes enforcement of the contract's arbitration clause where the plaintiff has consistently maintained that the other provisions of that contract should be enforced to benefit him. *Id.* at 708. Thus, a signatory plaintiff "cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provisions, but on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Id.* (quoting *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524 (5th Cir. 2000). In reaching its decision, the Tenth Circuit discussed when claims arise from a contract:

> For a plaintiff's claims to rely on the contract containing the arbitration provision, the contract must form the legal basis of those claims; it is not enough that the contract is factually significant to the plaintiff's claims or has a "but-for" relationship with them. The claims must be so intertwined with the agreement that it would be unfair to allow the signatory to rely on the agreement in formulating its claims but to disavow

availability of the arbitration clause of that same agreement.

*Id.* (quotations and citations omitted).

 In this case, it is clear that the MSA does not "form the legal basis" of Plaintiff's claims. Plaintiff's claims do not depend on the contract and Plaintiff is not attempting to hold Encana liable for duties imposed by the contract. Rather, the FLSA forms the legal basis of Plaintiff's claims. Indeed, even Defendant admits that Plaintiff's claims actually conflict with the MSA, which specifically provides that Plaintiff is not an employee.[3]

Defendant's arguments that Peck's claims "arise" out of the MSA are not persuasive. At best, Defendant has argued that "but for" the MSA, Peck would not have worked at Encana and therefore would not be able to assert overtime claims. This is insufficient. *Lenox*, 449 Fed. Appx. at 708. As the Tenth Circuit has explained, the contract must form the legal basis of his claims. *Id.* Defendant's argument that provisions of the MSA may be relevant to Plaintiff's claims is likewise unavailing. The fact that the MSA may be "factually significant" to Plaintiff's claims is not enough to bind a party to an arbitration clause he did not sign. *Weller v. HSBC Mortg. Servs., Inc.*, 971 F.Supp.2d 1072 (D. Colo. 2013) ("the relevant inquiry is whether the [ ]contract containing the

**3.** In its reply brief, Defendant also contends that Peck's claim that he is an employee of Encana directly conflicts with the MSA, which expressly provides that neither Greene's nor its subcontractors "shall be deemed" an "employee...of EnCana." (Doc. # 34–1 at p. 7.) Thus, Defendant argues that to prevail, Peck will have to prove that Greene's breached the MSA. This is incorrect. The question of whether an individual is an employee subject to overtime under the FLSA is a question of law for the Court and the parties' agreement is not dispositive. *See Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641

(1981) (The Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, [the Court has] held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (citations omitted); *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) ("in determining whether an individual is covered by the FLSA, our inquiry is not limited by any contractual terminology") (internal quotation omitted).

arbitration provision forms the legal—as opposed to merely the factual—predicate of the claims").

Defendant argues that this Court should not rely on *Lenox*, which is unpublished and thus not precedential, and instead rely on *Pollard v. ETS PC, Inc.*, 186 F.Supp.3d 1166 (D. Colo. 2016) (which likewise is not controlling). In *Pollard*, the plaintiffs brought claims under the FLSA against several entities, alleged to operate as "an essentially indistinguishable entity," that employed plaintiffs as insurance adjusters. *Id.* at 1170, 2016 WL 2983530 at *1. The plaintiffs signed a contract agreeing to arbitrate their claims against one, but not all of the defendants. *Id.* at 1170–71, 2016 WL 2983530 at * 2. The arbitration clause, however, specifically provided that the plaintiffs agreed to arbitrate all compensation claims against defendant ETS **or its affiliated companies**. *Id.* (emphasis added). Both the signatory and the non-signatory defendants moved to compel arbitration and the court granted the motion. *Id.* at 1169–70, 2016 WL 2983530 at * 1. The Court ruled that the arbitration clause signed by plaintiffs not only covered the claims at issue, but also covered all of the defendants since it specifically covered "affiliated companies." *Id.* at 1173, 2016 WL 2983530 at * 4. In this case, the arbitration clause in the MSA indicates just the opposite. The arbitration clause in the MSA states that it covers "any disputes **between the parties** arising out of or in connection with this Agreement." (Doc. # 34–1 at 9) (emphasis added). Thus, by its own language, the arbitration clause in this case does not apply to Peck, who was not a party to the MSA, and the holding of *Pollard* is not inconsistent with this Court's determination that Peck's claims are not subject to arbitration.

Defendant, however, points to language in *Pollard* finding that the plaintiffs' FLSA claims were "intertwined with their employment agreements." *Pollard*, 186 F.Supp.3d at 1175, 2016 WL 2983530 at *6. As an alternate ruling, the court in *Pollard* determined that the doctrine of equitable estoppel compelled the plaintiffs to arbitrate their claims against the non-signatory defendants. *Id.* at 1173–74, 2016 WL 2983530 at *5. This portion of the opinion, as an alternative ruling, is dicta. Nevertheless, the test applied by the court in *Pollard* is not the same test applicable to this case. In *Pollard*, the question was when non-signatory defendants could compel plaintiffs, who agreed to arbitrate their claims, to arbitrate their claims against the non-signing defendants. In making that determination, the court determines whether the signatory defendants and non-signatory defendants engaged in "interdependent and concerted misconduct" and whether that misconduct is "intertwined with duties or obligations arising from the underlying contract." *Id.* at 1174, 2016 WL 2983530 at *5; *see also Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, 449 Fed.Appx. 704, 710 (10th Cir. 2011). This is a different question than the question this Court must reach, which is whether Plaintiff's claims "arise from" the contract containing the arbitration agreement and whether Plaintiff seeks the benefit of the agreement. Accordingly, this Court finds that the *Pollard* case's alternate holding—that the plaintiffs' FLSA claims were intertwined with their employment agreements—to be inapplicable to this case.

██ In addition to finding that Peck's FLSA claims do not arise out of the MSA, this Court also determines that Peck is not seeking the benefit of the MSA when asserting his claims. Defendant contends that Peck seeks the benefits of the MSA, because according to Defendant, without the MSA, Peck would not have worked at

Encana.[4] As Peck points out, however, he could assert FLSA claims against Encana even if the MSA did not exist. While Greene's and Encana entered into the MSA specifically to govern the work performed by Greene's for Encana, which presumably included the work performed by Peck, Peck's **actual claims** do not depend on the MSA. While the fact of his working at Encana may have resulted from the MSA, his claims that he was not paid overtime in accordance with the FLSA do not depend on the MSA.

In conclusion, this Court finds that Peck's claims against Encana are not subject to arbitration. While the MSA entered into between Greene's and Encana contains a mandatory arbitration clause that is broad enough to cover FLSA claims, it is undisputed that Peck was not a signatory to that agreement and that he did not agree to arbitrate his claims. Further, because Peck's FLSA claims do not arise out of the MSA between Greene's and Encana and because Peck does not seek to enforce any provisions of the MSA that might benefit him, this Court finds that the doctrine of equitable estoppel does not require Peck to arbitrate his claims. Thus, the arbitration clause contained within the MSA does not apply to Peck and he can litigate his FLSA claims in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Compel Arbitration of Plaintiff's Claims and to Dismiss or, Alternatively, to Close or Stay Litigation. (Doc. # 34.)

BY THE COURT:

---

4. Notably, Defendant does not allege that Peck is seeking the benefit of any specific terms or provisions of the MSA.