24CA1417 & 24CA1814 Lochbuie v Hudson 09-25-2025

COLORADO COURT OF APPEALS

Court of Appeals Nos. 24CA1417 & 24CA1814
Weld County District Court No. 23CV30664
Honorable Todd L. Taylor, Judge

Town of Lochbuie, Colorado, a Colorado statutory town,

Plaintiff-Appellant,

and

Seter, Vander Wall & Meilke, P.C., a Colorado professional corporation,

Attorney-Appellant,

v.

Town of Hudson, a Colorado home rule municipality; Hudson Library Board of Trustees, a Colorado Municipal Library Board of Trustees; and High Plains Library District Board of Trustees, a Colorado Library District Board of Trustees,

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND ORDER VACATED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

---

Berg Hill Greenleaf Ruscitti LLP, Josh A. Marks, Christopher G. Seldin, Boulder, Colorado, for Plaintiff-Appellant

Seter, Vander Wall & Meilke, P.C., Kim J. Seter, Elizabeth A. Dauer, Russell Newton, Greenwood Village, Colorado, for Attorney-Appellant

Hoffman, Parker, Wilson & Carberry, P.C., Corey Y. Hoffmann, Nathan T. Cash, Denver, Colorado, for Defendant-Appellee Town of Hudson

Otis & Bedingfield, LLC, Lia Szasz, Frederick J. Steimling, Loveland, Colorado, for Defendant-Appellee Hudson Library Board of Trustees

Coan, Payton & Payne, LLC, William Garcia, Joseph Williams, Greeley, Colorado, for Defendant-Appellee High Plains Library District Board of Trustees

¶ 1     Plaintiff, the Town of Lochbuie (Lochbuie), appeals the district court's judgment dismissing its claims against defendants, the Town of Hudson (Hudson), Hudson Library Board of Trustees (Hudson Library Board),[1] and High Plains Library District Board of Trustees (High Plains), for failure to state a claim upon which relief could be granted.  Lochbuie and its counsel also appeal the district court's order awarding fees against them in favor of Hudson Library Board and High Plains.  We affirm the judgment but vacate the order.

## I.     Background

### A.     Factual Background

¶ 2     Lochbuie is a Colorado statutory town with approximately 8,000 residents.  Hudson, a Colorado home rule municipality with approximately 1,650 residents, is located eight and a half miles northeast of Lochbuie.  In 1981, Hudson established the Hudson Library by passing Ordinance 81-5, which created "a free public

---

[1] Hudson and the Hudson Library Board, although separately represented, often acted jointly in the proceedings in the district court.  Consequently, when we refer to those two parties collectively, we use "the Hudson parties."

library in and for the Town of Hudson." Ordinance 81-5 also established the Hudson Library Board.

¶ 3    In 1985, Weld County and several municipalities within the county were in the process of establishing a library district. Hudson adopted a resolution (the 1985 Resolution) documenting the municipality's agreement to participate in the new library district, which was then known as the Weld Library District but was later rebranded as the High Plains Library District (the Library District), and defining a tax sharing agreement to allocate Library District funds. The 1985 Resolution stated:

> [T]he Town of Hudson agrees to participate in the [Library] District under the understanding that it will be allocated funds by [High Plains] to the municipality's library for public library services for the service area to be defined by [High Plains] which will be not less than that portion of RE-3J School District on the western side of Weld County Road 61 which includes the municipalities of Hudson, Keenesburg, and Lochbuie. The amount shall be not less than two-thirds of the property tax proceeds collected by the Library District from the mill levy from the service area's assessed value.

Later that year, the Weld County Board of County Commissioners adopted Ordinance No. 137, officially establishing the Library

District.  Ordinance No. 137 acknowledged the tax sharing agreement, noting "the municipalities of Ault, Eaton, Evans, Fort Lupton, Greeley[,] and Hudson's participation in the District is based upon certain understandings regarding allocation of proceeds from the mill levy back to the municipal libraries based upon certain service areas as set forth in each municipal resolution."

¶ 4    In 2014, the Library District and Hudson entered into an intergovernmental "Agreement Concerning Participation in the High Plains Library District" (2014 IGA).  It also acknowledged that Hudson's participation in the Library District was contingent on the tax sharing agreement previously defined in the 1985 Resolution.

¶ 5    In the 2014 IGA, the Library District and Hudson agreed "that it is in the best interests of their residents to continue to have certain coordinated library services and have identified their individual and mutual responsibilities for providing the same."  The obligations of Hudson and the Hudson Library Board included (1) "use [of] the property tax proceeds . . . for public library services"; (2) "compl[iance] with the applicable provisions of the Colorado Library Law [§§ 24-90-101 to -122, C.R.S. 2025]"; (3) "use [of] the guidelines contained in the Colorado Public Library

3

Standards . . . to develop and evaluate library services"; and (4) "promot[ing] collection and resource sharing."  Moreover, "Hudson and [the Library District] agree[d] that Hudson will provide library services in Hudson's service area in accordance with" a defined model set forth in the 2014 IGA.

¶ 6    The 2014 IGA contained the following termination clause:

> This Agreement may be terminated for cause by a party prior to the [IGA's] expiration . . . in the event that the other party has not met the obligations as stated in Section 1 and Section 2 of this Agreement, provided, however, that the terminating party gives ninety (90) days advance written notice and an opportunity to cure to the other party, identifying in reasonable detail the nature of the failure to perform, by implementing a plan to correct such deficiency.  If at the end of such ninety (90) day period the parties have not reached agreement, then both parties agree to engage in mediation with a mutually acceptable third-party mediator . . . .  If a mutual satisfactory agreement cannot be reached at the conclusion of the mediation period, this Agreement may be terminated by either party.

¶ 7    In 2020, Hudson and the Library District renewed the IGA (2020 IGA), incorporating the terms of the 2014 IGA and reaffirming the tax sharing agreement.  The 2020 IGA referenced Lochbuie three times as part of the Hudson Library service area, but always

4

in the context of the town being within the boundaries of the RE-3J School District.

¶ 8 Lochbuie has expressed dissatisfaction with its inclusion in the Hudson Library service area, specifically claiming that it is not receiving the "customary library services" to which it is entitled under the Colorado Library Law. In the spring of 2023, asserting that it was a third-party beneficiary of the IGA,[2] Lochbuie declared a breach of the agreement and invoked the IGA's termination clause. Hudson and High Plains did not recognize Lochbuie's claim and, instead, reauthorized the IGA near the end of 2023.

## B. Procedural History

### 1. Lochbuie's Complaint

¶ 9 Lochbuie filed a complaint against High Plains, Hudson, and the Hudson Library Board, alleging that the Hudson parties, "contrary to Colorado Law, § 24-90-103(4.5), C.R.S. [2025], unilaterally declared [Hudson's] service area in the [1985 Resolution]" to include Lochbuie. Lochbuie further alleged that

---

[2] Because the 2020 IGA incorporates by reference the 2014 IGA, which in turn incorporates the 1985 Resolution, all of the operative contractual language is effectively contained in the 2020 IGA. We thus refer to these agreements collectively as "the IGA."

"High Plains has failed to provide a library facility and adequate library services reasonably accessible to the citizens of Lochbuie despite the responsibility of Hudson to use Lochbuie tax revenues to provide such services to Lochbuie under the IGA." Lochbuie alleged that, as a third-party beneficiary of the IGA, it had a right to its benefits and to declare a breach of the agreement and invoke the termination provision.

¶ 10    The complaint set forth six claims for relief: (1) a declaratory judgment regarding the invalidity of Hudson Library's claimed "Service Area" and the IGA; (2) a declaratory judgment regarding termination of the IGA; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) mandamus pursuant to C.R.C.P. 106(a)(2); and (6) unjust enrichment.

2.    Motions to Dismiss and Lochbuie's First Amended Complaint

¶ 11    High Plains individually filed a motion to dismiss the complaint, while the Hudson parties jointly filed a separate motion to dismiss. All three defendants asserted that Lochbuie had failed to join the Town of Keenesburg and Weld County as indispensable parties. The Hudson parties argued that Lochbuie's claims were based on an incorrect understanding of the Colorado Library Law.

6

High Plains argued that Lochbuie did not have any claim to services under the IGA because it was not a party and because the IGA did not explicitly state that services would be provided to Lochbuie.

¶ 12    Lochbuie filed responses to the motions to dismiss. High Plains filed a reply, but the Hudson parties did not.

¶ 13    After briefing on the motions to dismiss had closed, but before the district court ruled, Lochbuie timely filed a first amended complaint (FAC) pursuant to C.R.C.P. 15. In the FAC, Lochbuie added the Town of Keenesburg and Weld County as "potentially interested parties." Lochbuie also expanded on its allegations about the interplay between the 1985 Resolution, the 2014 IGA, and the 2020 IGA. Also, invoking the statutory definition of "public library services" — defined as "services customarily provided by a public library," § 24-90-103(13.5) — Lochbuie alleged that the Hudson Library Board failed to supply Lochbuie with such services as required by the Colorado Library Law, the 1985 Resolution, and the IGAs. Specifically, Lochbuie alleged that the Hudson Library Board "failed or refused to provide a library facility and other customary services and programs in Lochbuie (other than an occasional bookmobile under the Shared Services model)."

¶ 14     Lochbuie also elaborated on its attempt to invoke the IGA's termination clause, alleging that it declared a breach of the terms of the IGA for failure to provide appropriate public library services. Lochbuie alleged that, in response, Hudson, the Hudson Library Board, and High Plains rejected Lochbuie's invocation of the termination clause and claimed the IGA requires Lochbuie to mediate its grievances before bringing the action. Lochbuie continued to assert the same six claims for relief as in its original complaint.

¶ 15     The Hudson parties jointly filed a motion to dismiss Lochbuie's FAC. Four days later, the district court issued an order entitled "Order Granting Motions to Dismiss" (dismissal order). The court issued the dismissal order before High Plains filed a motion to dismiss the FAC and seventeen days before Lochbuie's deadline to file a response to the Hudson parties' joint motion to dismiss. C.R.C.P. 121, § 1-15(1)(b) ("The responding party shall have 21 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief.").

¶ 16     The district court acknowledged that Lochbuie had filed the FAC after briefing on the original motions to dismiss had closed but

8

noted that "[b]ecause the amended complaint does not cure the defects that the defendants argue exist in the original complaint, the court considers the defendants' arguments related to the amended complaint and rules on the merits of those arguments as applied to Lochbuie's amended claims."

¶ 17　The district court reasoned that if Lochbuie were successful in voiding Hudson's declaration of its service area to include Lochbuie, High Plains would no longer be able to collect taxes from the service area.[3]　The district court also criticized Lochbuie for making inconsistent requests — seeking both to void the inclusion of Lochbuie in the Hudson parties' service area and to require those parties to provide what Lochbuie considers adequate library services.

¶ 18　The district court went on to analyze the specific claims.　It concluded that Lochbuie's claim seeking to invalidate Hudson's expansive "service area" relied on contractual language that did not

---

[3] As we will discuss later, the district court's observation suffers from a fundamental flaw.　Voiding *Hudson*'s declaration of its own service area would have no impact on whether that portion of Lochbuie remained in (and its residents in the area remained subject to taxation by) *the High Plains Library District.*

exist at the time Hudson's service area was established. The court further concluded that Lochbuie failed to provide any legal authority supporting its view that either High Plains or the Hudson parties have a legal duty to build and maintain a public library in Lochbuie.

¶ 19 Turning to the contract-based claims, the court held that Lochbuie failed to "make any well-pleaded allegations as to any surrounding circumstances that would support its claim to be a third-party beneficiary." Thus, it looked solely at the terms of the agreement. The court said that Lochbuie is "not mentioned in the IGAs and is not bestowed with any direct benefits by the IGAs." Instead, the court ruled, Lochbuie receives only incidental benefits that, as a matter of law, are insufficient to bestow on Lochbuie the status of third-party beneficiary.

¶ 20 The court then, in the alternative, concluded that even if Lochbuie could be a third-party beneficiary of the IGA, it still would not be entitled to relief. The court observed that the IGA requires that Hudson and the Hudson Library Board "provide library services to a service area, not to Lochbuie specifically."

¶ 21 The court rejected Lochbuie's mandamus claim, concluding Lochbuie's allegations failed to establish that there was any clear duty "to build and maintain a public library within Lochbuie's territorial limits." And finally, the court dismissed the unjust enrichment claim, again emphasizing that the IGA requires library services to be provided to a service area rather than specifically to Lochbuie.

### 3. Lochbuie's C.R.C.P. 59 Motion

¶ 22 Lochbuie then filed a motion under C.R.C.P. 59, asking the court to reconsider its order granting the motions to dismiss. Lochbuie asserted that "[a]mendment of the Order is necessary to correct the Court's interpretation of Lochbuie's allegations and legal positions."

¶ 23 Lochbuie sought to clarify its position that it was not attempting to challenge its inclusion in the Library District, only its inclusion within Hudson's service area. Lochbuie then expanded on its claim regarding what customary library services are owed by citing, for the first time, the Colorado Department of Education's "Public Library Standards."

11

¶ 24    As to the contract claims, Lochbuie reiterated its claim that, to the extent the IGAs are enforceable, it is an intended third-party beneficiary.  Lochbuie added that if the district court was not persuaded, it should not have dismissed the sixth claim — for unjust enrichment — which was pleaded in the alternative to the contract claims.

¶ 25    Specifically, Lochbuie argued that library services are the core benefit addressed by the agreements and thus cannot be incidental. It further argued that Lochbuie is explicitly referenced "as an area that will be served by Hudson" and that the service area described in the IGAs includes Lochbuie.

¶ 26    The district court denied Lochbuie's Rule 59 motion.  In its order, the court described Lochbuie's argument as "perplexing and confusing," noting that Lochbuie appeared to claim it "did not contest or attempt to void High Plains's service area or Lochbuie's inclusion in High Plains," while Lochbuie's first claim for relief in the FAC "sought [a] declaratory judgment declaring that the instrument establishing that service area and including Lochbuie within its boundaries [wa]s invalid and unenforceable."  The court reiterated its confusion regarding Lochbuie's position when it noted

that any dissatisfaction Lochbuie had with its library services should be directed to High Plains — not Hudson — as High Plains was the ultimate taxing authority and "it was High Plains that created the Hudson service area and included Lochbuie within it." Finally, the court noted that it did not consider Lochbuie's "new arguments about 'customary library services' and 'Public Library Standards' [as] Lochbuie did not plead these allegations (which are conclusory) and did not make these arguments in response to the motions to dismiss." While the order did not specifically address Lochbuie's arguments in the Rule 59 motion regarding its allegation that it is a third-party beneficiary, the district court ultimately concluded that Lochbuie was "not entitled to the relief it seeks."

### 4. Attorney Fees

¶ 27 Hudson Library Board and High Plains each requested attorney fees under C.R.C.P. 11 and section 13-17-102, C.R.S. 2025. Both parties argued that Lochbuie's complaint and Rule 59 motion lacked substantial justification and did not constitute a good faith argument. High Plains also cited Lochbuie's purportedly contradictory arguments as grounds for awarding fees. Both parties sought an award jointly and severally against Lochbuie and

its counsel, Seter, Vander Wall & Mielke, P.C. (the Seter firm). The court granted both parties' requests for attorney fees, noting that Lochbuie's claims lacked a rational legal basis and that they were substantially frivolous and vexatious.[4]

### 5. Consolidated Appeal

¶ 28 Lochbuie timely filed a notice of appeal of the dismissal order. Later, the Seter firm filed a timely notice of appeal of the attorney fees award on behalf of itself and Lochbuie. Shortly after the second notice of appeal was filed, appellate counsel filed an entry of appearance on behalf of Lochbuie. That entry did not mention the Seter firm. On Lochbuie's motion, the appeals were consolidated.

¶ 29 In the opening brief, counsel for Lochbuie asserted, "All of the arguments made herein apply equally to [the Seter firm]." By signing the opening brief with this statement, Lochbuie's appellate counsel effectively entered an appearance as the Seter firm's attorney as well. C.A.R. 5(a). Further, under the circumstances here, we deem the quoted language above to be a sufficient

---

[4] Initially, the district court awarded the attorney fees to Hudson, as opposed to the Hudson Library Board. The court issued a corrected order to remedy this mistake.

14

adoption of Lochbuie's brief by the Seter firm. *See* C.A.R. 28(h) (providing that in cases with more than one appellant, appellants may join in a single brief).

## II.   Dismissal of the FAC

¶ 30   Notably, in its reply brief, Lochbuie explicitly abandons its first, second, fifth, and sixth claims, leaving only the two claims premised on Lochbuie's alleged status as a third-party beneficiary of the IGA. As a result, the district court's actions regarding the other four claims are only relevant to Lochbuie and the Seter firm's appeal of the attorney fee award.

¶ 31   As to the contract claims, Lochbuie argues that the district court reversibly erred by dismissing them. We disagree.

### A.   Standard of Review and Applicable Law

¶ 32   A person who is not a party to an express contract is generally barred from bringing an action based on that contract unless they are a third-party beneficiary. *Harwig v. Downey*, 56 P.3d 1220, 1221 (Colo. App. 2002). A third-party beneficiary "may bring an action on the contract if the parties to the agreement intended to benefit the [third-party and if] . . . the benefit claimed is a direct and not merely an incidental benefit of the contract." *S K Peightal*

15

*Eng'rs, LTD v. Mid Valley Real Est. Sols. V, LLC*, 2015 CO 7, ¶ 7 (quoting *Parrish Chiropractic Ctrs., P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994)). "While the intent to benefit the nonparty need not be expressly recited in the contract, the intent must be apparent from the terms of the agreement, the surrounding circumstances, or both." *Harwig*, 56 P.3d at 1221. An incidental beneficiary — as opposed to an intended beneficiary — "is neither a promisee nor one to whom the promise is to be rendered but who is benefitted by the undertakings of the contracting parties." *Quigley v. Jobe*, 851 P.2d 236, 238 (Colo. App. 1992).

¶ 33      Whether the parties to a contract intended to create a third-party beneficiary is generally a question of fact. *E. Meadows Co. v. Greeley Irrigation Co.*, 66 P.3d 214, 217 (Colo. App. 2003). However, when the only evidence proffered by the plaintiff to support the claim of third-party beneficiary status is the language of the contract, the issue becomes one of contract interpretation, and "[t]he interpretation of language in a contract is a question of law that we review de novo." *Harwig*, 56 P.3d at 1221. In interpreting a contract, we give effect to the intent of the parties, which is

primarily determined from the contract language itself. *Id.* at 1221-22.

## B. Analysis

¶ 34 In its dismissal order, the court stated that Lochbuie "is not bestowed with any direct benefits by the IGAs." The court concluded that "Lochbuie receive[d] incidental benefits of the contract," which are not sufficient as a matter of law to make Lochbuie a third-party beneficiary. We agree with the district court.

¶ 35 Initially, we do not agree with the court's view that Lochbuie "is not mentioned in the IGAs." True, the 2014 IGA never mentions Lochbuie by name. Instead, it simply states that "the service area of [Hudson] library was defined as the boundaries of Weld County School District RE-3J." But the 2020 IGA mentions Lochbuie by name three times. The first instance appears in the tax sharing provision, where Hudson's service area is defined as "that portion of RE-3J School District on the western side of Weld County Road 61, including the municipalities of Hudson, Keenesburg, and

Lochbuie."[5]  The second instance appears in a chart — again indicating that Lochbuie falls within the "Re-3" school district — in a column labeled "service area," which is to be served by Hudson Library.  Finally, Lochbuie is mentioned by name once more under the section "Member Service Areas," and is once again grouped together with Hudson and Keenesburg as municipalities lying within the boundaries of RE-3J, to be served by the Hudson Library.

¶ 36    Significantly, every time Lochbuie is mentioned in the IGA, it is in the context of explaining that it is one of the municipalities that exists within the designated service area.  But the designated service area is not "Hudson, Keenesburg, and Lochbuie"; instead, it is "that portion of RE-3J School District on the western side of Weld County Road 61."  The specific municipalities are merely listed as being within that portion of the school district's boundaries.

---

[5] We note that there is a discrepancy between the 2014 IGA and 2020 IGA insofar as the former describes the service area of Hudson Library as "the boundaries of Weld County School District RE-3J," while the latter describes it as "that portion of RE-3J School District on the western side of Weld County Road 61."  Given that Weld County Road 61 is well to the east of Lochbuie's boundaries, this discrepancy does not impact our analysis.

18

Indeed, each service area on the previously mentioned chart is defined as a school district (though one such district is only affiliated with a single municipality, Fort Lupton).

¶ 37 Moreover, the 2014 IGA includes a proviso that the parties agreed that "it is in the best interest of *their residents* to continue to have certain coordinated library services." They did not set forth any similar agreement that it was in the best interests of the *municipalities* within the Library District.

¶ 38 In other words, the district court was essentially correct when it observed that Lochbuie "is not bestowed with any direct benefits by the IGAs." Rather, the intended beneficiaries are the Weld County residents who support the Library District with their tax dollars. (Lochbuie does not remit any taxes or other funds to the Library District. And those of its residents who do remit such taxes do so not because they are Lochbuie residents but, rather, Weld County residents.) High Plains then provides those intended beneficiaries with certain library services by dividing up the taxpaying recipients into service areas based on the school districts (not the municipalities) they live in.

19

¶ 39    In short, we can identify nothing in the IGA suggesting that the parties intended Lochbuie itself, as opposed to those residents who live within the Library District, to be a direct beneficiary of the IGA. Because, as a matter of law, the IGA refutes Lochbuie's claim that it is a third-party beneficiary, and Lochbuie made no other allegations to support its claim — indeed, the FAC said only, in conclusory fashion, that "Lochbuie is and has been an intended beneficiary of the IGA since its inception in 1985" — the district court did not err by dismissing these claims.[6]

## III.    Attorney Fees

¶ 40    Lochbuie and the Seter firm argue the district court erroneously awarded sanctions. We agree.

### A.    Standard of Review and Applicable Law

¶ 41    We will not disturb a district court's award of attorney fees under section 13-17-102 or as a sanction under C.R.C.P. 11 absent

---

[6] In light of our conclusion that Lochbuie's contractual claims fail as a matter of law, any procedural error in the district court's premature dismissal is harmless. *See Schwartz v. Owens*, 134 P.3d 455, 457 (Colo. App. 2005) ("Even a technically flawed dismissal may be affirmed if it was entered as a matter of law and the party that lost its claim had adequate opportunity but did not offer any evidence or argument on which the claim could have survived.").

an abuse of discretion. *E-470 Pub. Highway Auth. v. Jagow*, 30 P.3d 798, 805 (Colo. App. 2001), *aff'd*, 49 P.3d 1151 (Colo. 2002). "A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or based on a misapplication of the law." *Black v. Black*, 2020 COA 64M, ¶ 118.

¶ 42    Attorney fees may be recovered when a party or its attorney brings an action that lacks substantial justification. § 13-17-102(4). A civil action lacks substantial justification when it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-101.5(1), C.R.S. 2025. "A claim is frivolous if the proponent has no rational argument to support it based on evidence or the law." *Black*, ¶ 133 (quoting *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001)). "A claim is vexatious if brought or maintained in bad faith to annoy or harass another; vexatiousness includes 'conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth.'" *Consumer Crusade, Inc. v. Clarion Mortg. Cap., Inc.*, 197 P.3d 285, 290-91 (Colo. App. 2008) (quoting *Bockar v. Patterson*, 899 P.2d 233, 235 (Colo. App. 1994)). A court may award attorney fees for a violation of C.R.C.P. 11 if it concludes that an attorney's argument is not

21

"well grounded in fact and . . . warranted by existing law or a good argument" or if it is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." C.R.C.P. 11(a).

### B. Analysis

¶ 43 The district court concluded that "Lochbuie's claims were a misguided attempt to obtain a form of relief — a new library built within its boundary using tax dollars collected by a library district — that is not available through the judicial process." The court found that, given the apparent flaw in the proposed legal theory, Lochbuie lacked any rational legal argument to support its claim, and the claim was substantially frivolous.

¶ 44 But the district court's frustration was of its own making.

¶ 45 First, in chastising Lochbuie for what it characterized as inconsistent requests, the district court overlooked that a party is permitted to plead in the alternative. C.R.C.P. 8(e)(2).

¶ 46 Moreover, the court repeatedly misinterpreted Lochbuie's positions. For example, it mischaracterized Lochbuie's first claim as seeking to void the creation of the Library District altogether. Instead, Lochbuie asserted that it should not have been included in

22

the service area of *Hudson Library District*. At no point did it ever contend that it should not receive any library services from High Plains. To the contrary, Lochbuie's entire case stems from its claim that it is entitled to a certain level of library services from High Plains, but that High Plains' effort to delegate the provision of those services to Hudson is inadequate.

¶ 47 Further, when analyzing Lochbuie's third-party contract claim, the district court simply misread the IGA, inexplicably asserting that the IGA did not specifically mention Lochbuie. As noted, Lochbuie is mentioned three separate times.

¶ 48 Ultimately, the court oversimplified Lochbuie's purported goal in the litigation, reducing it to what it perceived as an effort to acquire a physical library. While Lochbuie sometimes expressed its goals as obtaining library facilities within its borders, the gist of the overall claim, again, was that it is not receiving "customary public library services" as it asserts is required by the Colorado Library Law.

¶ 49 At its heart, Lochbuie's overarching contention was straightforward. Its residents pay tax dollars to the Library District — which passes the bulk of these funds on to the Hudson

Library Board, ostensibly to pay for library services to Lochbuie's residents — but the town, in its view, sees little to no benefits for its residents. According to Lochbuie, it never agreed to be placed in Hudson's service area and had no say in High Plains' decision to fulfill what Lochbuie contends are the Library District's statutory obligations to Lochbuie and its residents under the Colorado Library Law by contracting with Hudson. It believes Hudson, and by extension High Plains, is failing to provide Lochbuie residents adequate library services under the Colorado Library Law. Significantly, the scope of the statute's requirements has never been judicially developed. Indeed, the statute has been cited a mere four times in published appellate cases, none of which has fleshed out what it means to provide "services customarily provided by a public library." § 24-90-103(13.5). As a result, Lochbuie took legal action to address this issue.

¶ 50 To be sure, the district court might ultimately be correct that whether a library district has a legal obligation to provide specific library services and specifically *how* a library district fulfills any obligation it may have are nonjusticiable political questions. But

that is certainly far from clear at this point and does not necessarily mean the present claims are substantially frivolous.

¶ 51    And, as to the district court's determination that Lochbuie was being "stubbornly litigious" — which appears to underpin its determination that the claims were substantially vexatious — we note that Lochbuie filed its C.R.C.P. 59 motion in part because the district court's premature ruling on the motion to dismiss had deprived Lochbuie of the opportunity to even attempt to explain how the FAC cured the defects in the original complaint.[7] *See Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 301 (Colo. App. 2009) (A party is not stubbornly litigious merely because it disagrees with a ruling of the district court, as a party "cannot be faulted for attempting to convince the court to reconsider its view of the applicable law."). Moreover, there is no support in the record for the court's statement that "Lochbuie's legal strategy was aimed at pressuring Hudson and High Plains to make concessions that neither has a duty to make under the law."

---

[7] Again, we have concluded that the district court's error in this regard was harmless. But it is nevertheless an appropriate consideration when assessing whether sanctions are appropriate.

¶ 52    In our view, the district court's determination that Lochbuie's claims were substantially frivolous and vexatious was fundamentally flawed because of its incorrect and overly simplified view of the claims. Because it was based on such a demonstrably incorrect view of the claims, the court's order is manifestly unfair and unreasonable. Accordingly, the court abused its discretion in awarding attorney fees, and the order must be vacated.

## IV.    Disposition

¶ 53    The judgment is affirmed. The order awarding attorney fees is vacated.

JUDGE YUN and JUDGE SULLIVAN concur.